FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MENDELSSOHN PEREZ,

       Petitioner (Respondent in NYS
       Family Court, Kings County),

   -against-

MAYRA PERREIRA,

       Respondent (Petitioner in NYS
       Family Court, Kings County).
-----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

**12-CV-2244 (MKB)**

BRODIE, United States District Judge:

On May 3, 2012, Mendelssohn Perez (hereinafter "Perez") filed a Notice of Removal in a case originally brought in New York Family Court, Kings County. Perez filed a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which is granted for the limited purpose of this Order. The Court finds that it lacks subject matter jurisdiction over this state court action. Accordingly, for the reasons that follow, the action is hereby remanded to state court.

## BACKGROUND

Perez seeks to remove a Family Offense Proceeding brought against him by his former domestic partner, Mayra Perreira (hereinafter "Perreira"), in the Family Court of the State of New York, Kings County. See Proceeding in Docket # O-35097-11 (ECF, Entry #1, p. 15.) The attached Family Offense Petition, dated December 9, 2011, alleges assault, harassment, sexual abuse, and other misconduct toward Perreira and/or her child and seeks an order of protection against Perez. (ECF, Entry #1, pp. 16-18.) A Temporary Order of Protection was granted on December 9, 2011, and set to expire on January 20, 2012. (ECF, Entry #1, pp. 19-21.) No further details of proceedings are included.

The basis for removal is not clearly articulated. The Notice of Removal cites various statutory jurisdictional provisions, including diversity jurisdiction and several sections of the United States Criminal Code. Both Perez and Perreira are residents of New York State. (Notice ¶¶ 4, 13.) Perez argues that this Court has jurisdiction over the action "on the basis of the violations of his constitutional, due process, and equal protection rights by the state authorities." (Notice ¶ 3.) The Notice complains of "Jim Crow" policies existing in New York State Family Court and "Amistad-White-like-State jurists." (Notice ¶¶ 3, 10.)

Much of the Notice complains of past events only tangentially related to the Family Court proceeding Perez seeks to remove. The Notice alleges: "That in the month of December of 2011, the petitioner was hauled before the New York State Family Court by his ex-domestic partner—Mayra Perreira . . . who now allege[s] in essence, domestic violence–th[e] acts allegedly oc[c]urring some 20 years [previously]." (Notice ¶¶ 13.) The Notice references a New Jersey criminal case involving sexual abuse of a child, an 11-year-old perpetrator, an unidentified individual named Brian Carter, and "infants slaves" held by "kidnappers" in Monmouth County, New Jersey. (Notice ¶ 14.) It is not entirely clear how this incident relates to the instant Family Court proceeding. Although he describes the incident and the individuals in the third person, it appears that Perez himself may have been the 11-year-old. He states that "petitioner now realizes his life remains upon something called the 'Megan List' of sexual predators." (Id.) Perez alleges that the old New Jersey criminal proceeding involved "serious constitutional issues." (Notice ¶¶ 15, 18.) Perez also attaches a Memorandum of Law in a presumably unrelated Family Court proceeding in Monroe County, involving "Michael J., a Person Alleged to be a Juvenile Delinquent, Respondent," and dated March 15, 1999. (ECF, Entry #1, pp. 33-35.) The relevance

2

of this document is not explained.

Perez attaches the texts of several criminal statutes related to civil rights violations, including the Hate Crimes Prevention Act, Church Arson Prevention Act, and Freedom of Access to Clinic Entrances Act, that have no relationship to the Family Offense Proceeding or Perez's claims. (ECF, Entry #1, pp. 8-13.) The Notice does not include a demand for relief. The Court surmises that Perez wants this Court to vacate the Kings County Family Court's entry of an Order of Protection or otherwise intervene in the Family Offense Proceeding brought against him.

## DISCUSSION

Title 28 of the United States Code, Sections 1441 - 1453, set forth the criteria and procedures for removing a civil action from state court to federal court. The Notice of Removal must be filed within 30 days after the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). The defendant(s) seeking removal must also file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), or where the parties have diversity of citizenship and none of the parties in interest is a citizen of the state in which the action was brought, 28 U.S.C. § 1441(b)(2). Thus, a claim may only be removed to federal court if it could have been filed in federal court originally. Fax Telecomunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d

697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

Perez's Notice of Removal fails to meet these requirements. The Notice fails to establish the grounds for removal, does not include complete copies of the proceedings in the state case, and is untimely. The Family Offense Proceeding in which Perez is named as the respondent was filed on December 9, 2011, more than 30 days prior to the Notice of Removal being filed in this Court. The status of that case is unclear, as Perez has not indicated what transpired after the initial Temporary Order of Protection was set to expire on January 20, 2012. Moreover, removal is improper because this court lacks subject matter jurisdiction over the action. Removal cannot be premised on diversity jurisdiction, as both of the parties are domiciled in New York. Nor can Perez invoke federal question jurisdiction, as the original Family Offense Proceeding did not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Perez's alleged constitutional claims cannot convert his Family Court proceeding into a federal action. A defendant's assertion of constitutional claims in response to state court proceedings is insufficient to invoke federal courts' jurisdiction, where original jurisdiction was lacking. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (holding that a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court). "A state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court. . . . Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court

judges." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (citations omitted).

As the state court action was improperly removed and because this Court does not have subject matter jurisdiction over the removed action, the above-captioned action is hereby remanded to the appropriate state court.

## CONCLUSION

For all of the reasons set forth above, the Court finds that removal of the action is improper. The Clerk of the Court is respectfully directed to remand the case back to the Kings County Family Court. The Clerk is further directed to send a certified copy of this Order to the Clerk of the New York Family Court, Kings County, and to close the case in this Court.

SO ORDERED.

/S/
_____
MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
      May 16, 2012